**STATE of Tennessee, Appellee,**

v.

**Tobie Ellen CARDER, Appellant.**

Court of Criminal Appeals of Tennessee, Knoxville.

Aug. 14, 1991.

Permission to Appeal Denied by Supreme Court Jan. 6, 1992.

Robert J. Jessee, Johnson City, for appellant.

Charles W. Burson, Atty. Gen., C. Anthony Daughtrey, Asst. Atty. Gen. of Tennessee, Nashville, David E. Crockett, Dist. Atty. Gen. and William R. Mooney, Asst. Dist. Atty. Gen., Jonesborough, for appellee.

## OPINION

BIRCH, Judge.

The Washington County Circuit Court entered a judgment holding Tobie Ellen Carder in contempt of court for her refusal to testify before the county grand jury notwithstanding the grant of (judicial) immunity for her proposed testimony. The trial court ordered Carder held without bond until she shall have purged herself of contempt by testimony before the grand jury.[1]

Carder appeals as a matter of right. The judgment of the trial court is affirmed.

In December 1990, Carder and Roy L. Payne were indicted for selling a Schedule II substance. Carder responded to a subpoena issued by the grand jury in February 1991, but refused to answer significant questions.[2] She based this refusal on her right against compelled self-incrimination as provided for in the Fifth Amendment to the United States Constitution.

The district attorney then granted Carder immunity[3] in exchange for her testimony, and this grant was approved by the trial court. Carder appeared before the grand jury a second time. Notwithstanding the trial judge's order that she testify, Carder again refused, on the same grounds, to answer the questions propounded to her. Thereupon followed the judgment of contempt which we now review.

As her specific reason for refusing to testify after having been granted immunity, Carder asserted, in substance, that truthful answers to the questions propounded might tend to incriminate her with regard to offenses committed against the United States of America.

The resolution of the issue before us is governed by the holding in the case of *Murphy v. Waterfront Commission*, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). In *Murphy*, notwithstanding the grant of immunity under state law, Murphy and another witness refused to answer questions propounded by members of the Waterfront Commission of New York Harbor on the ground that the answers might tend to incriminate them under federal law, to which the grant of immunity did not purport to extend. The Supreme Court, in an opinion by Mr. Justice Goldberg, held that a witness who invokes his constitutional privilege against compelled self-incrimination and testifies under a state grant of immunity is not only protected from state prosecution, but also from federal prosecution in that the compelled testimony cannot be used in any manner by federal officials in connection with a criminal prosecution against the witness.

Applying the *Murphy* holding to the case under review, Carder's testimony could not be used to prosecute her for federal offenses; hence, her refusal to answer constituted contempt of the trial judge's order that she answer.

---

1. Carder is presently on bond pending appeal.

2. 1. From May, 1989, to May of 1990, were you and Roy Payne dealing in cocaine?

 2. Did you during that time ever pick-up cocaine for Roy Payne to deliver to purchasers?

3. Carder was granted immunity from prosecution arising out of any questions or answers concerning cocaine transactions by Carder and Payne during the year beginning May 1989. Should Carder testify under this grant, the charges against her would be dismissed.

We have examined the case the defendant cites as supportive of her position.[4] In our view, the *Murphy* holding still controls.

We find that the ruling of the trial judge was eminently correct; we affirm the judgment of contempt. We remand the cause for further proceedings consistent with this opinion.

BYERS, P.J., and WILLIAM P. NEWKIRK, Special Judge, concur.

4. *United States v. Gullett*, 713 F.2d 1203 (6th Cir.1983).